IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | 1:11-cr-76 |
|---|---|---|
| | : | |
| v. | : | |
| | : | Hon. John E. Jones III |
| DERRICK RYAN JACKSON; | : | |
| MIGUEL ANGEL ROSARIO; | : | |
| MARTINEL LAMAR HILL; | : | |
| DANYEL T. PROCTOR; | : | |
| CURTIS D. HALL; | : | |
|     Defendants. | : | |

## **MEMORANDUM**

**March 6, 2018**

    Before the Court are the 28 U.S.C. § 2255 motions to vacate conviction and sentence of Defendants Derrick Jackson, Danyel Proctor, Curtis Hall, Miguel Rosario, and Martinel Hill (hereinafter collectively referred to as "Defendants"). (Docs. 527, 529, 533, 534, 539). The Defendants' motions were filed following the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. The disposition of the pending motions was temporarily stayed by our Order of August 15, 2016 (Doc. 550), pending the United States Court of Appeals for the Third Circuit's decision in *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), *cert. denied*, 138 S. Ct. 215 (2017), which, for the reasons described in this Memorandum, was essential

guidance to our determination herein. The Third Circuit affirmed the petitioner's contemporaneous convictions of brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c), and Hobbs Act robbery under 18 U.S.C. § 1951(a). Following the *Robinson* decision, the government filed briefs in opposition and Defendants filed replies. The motions were again stayed pending the United States Supreme Court's consideration of petitions for writ of certiorari in *Robinson* as well as *United States v. Galati*, 844 F.3d 152 (3d Cir. 2016), *cert. denied*, 199 L. Ed. 2d 541 (U.S. 2018). The Supreme Court denied the petition for writ of certiorari in *Robinson* on October 2, 2017, and in *Galati* on January 8, 2018. Thus, the motions, which have been fully briefed by the parties, are ripe for our review and disposition. For the reasons that follow, the motions shall be denied.

**I.   DISCUSSION**

Defendants in this criminal prosecution were charged with various counts of bank robbery, in violation of 18 U.S.C. § 2113, and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). All pleaded guilty to at least one count of bank robbery pursuant to 18 U.S.C. § 2113, and to one count of use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c).

In the instant § 2255 motions, Defendants argue that their sentences must be corrected in light of the United States Supreme Court's ruling in *Johnson v. United*

*States*, 135 S. Ct. 2251 (2015). As noted above, in *Johnson*, the Supreme Court declared ACCA's residual clause, as set forth in 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. Specifically, that residual clause defined "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

Following *Johnson*, a flurry of litigation testing the constitutionality of other statutory provisions resembling ACCA's residual clause ensued. One of the provisions that has been repeatedly challenged is the residual clause contained in 18 U.S.C. § 924(c). The Third Circuit's first opportunity to address whether *Johnson* extends to § 924(c)'s residual clause was in *Robinson*. Thus, while *Johnson* provided the vehicle for Defendants' motions, it does not guide our inquiry. Instead, we are guided by *Robinson*.

Defendants argue that their sentences must be vacated because (1) § 2113 bank robbery is not a crime of violence under § 924(c)'s force clause and (2) § 924(c)'s residual clause is void for vagueness in light of *Johnson*.[1] Defendants maintain that the categorical approach should guide our analysis of whether bank

---

[1] Under § 924(c), a defendant faces enhanced sentencing penalties if he or she uses a firearm during a "crime of violence." An offense qualifies as a crime of violence under that section if it is "a felony" that (1) has as an element the use, attempted use, or threatened use of physical force against the person or property of another ("force clause"), or (2) by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ("residual clause"). See 18 U.S.C. § 924(c)(3). Because we conclude that Defendants' § 2113 offenses constitute crimes of violence under the force clause, we do not address their challenges to the residual clause.

robbery is a crime of violence under the force clause. Under the categorical approach, a court examines a predicate offense "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141 (2008). Defendants submit that, under the categorical approach, § 2113 bank robbery does not categorically qualify as a crime of violence under the force clause because it can be accomplished by "intimidation." Intimidation, they argue, does not require the "use, attempted use, or threatened use of physical force." Defendants thus suggest that because § 2113 bank robbery can be accomplished by means that do not involve physical force, § 2113 bank robbery *cannot* qualify as a crime of violence under the force clause.

However, as the Third Circuit instructed in *Robinson*, application of the categorical approach is unnecessary when, as here, a § 924(c) offense and the predicate offense are contemporaneous. The petitioner in *Robinson* similarly argued that courts should apply the categorical approach to determine whether Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause. 844 F.3d 137, 141 (3d Cir. 2016). Robinson, like Defendants here, argued that Hobbs Act robbery does not qualify as a crime of violence under the force clause because it can be accomplished by means that do not involve physical force. *Id.* at 144. The Third Circuit disagreed, explaining that "the determination of whether a

4

particular crime qualifies as a 'crime of violence' under § 924(c) depends upon both the predicate offense . . . and the contemporaneous conviction under § 924(c)." *Id.* at 143. The § 924(c) conviction thus sheds light on how the predicate offense was committed.

Here, Defendants' predicate offenses—§ 2113 bank robbery—and their § 924(c) offenses occurred contemporaneously. We therefore examine all the offenses committed in order to ascertain whether Defendants used, attempted, or threatened physical force in committing the predicate offense. *United States v. Galati*, 844 F.3d 152, 155 (3d Cir. 2016). "The only facts that may support the conclusion that a particular crime is a 'crime of violence' are those that have either been found by the jury or admitted by the defendant in a plea." *Robinson*, 844 F.3d at 143.

Defendants pleaded guilty to using a firearm, in violation of 18 U.S.C. § 924(c), in connection with committing bank robbery under 18 U.S.C. § 2113. Thus, the question is not whether § 2113 bank robbery constitutes a crime of violence. Rather, it is whether a § 2113 bank robbery that was committed *using a firearm* constitutes a crime of violence. We find that the answer to this question is unequivocally yes. Consequently, the Defendants' motions will be denied.

An appropriate Order shall issue.